IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Paul Eddy,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-14-08047-PCT-NVW (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On March 25, 2014, Petitioner Dennis Paul Eddy filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In accordance with Court orders, Petitioner filed a Second Amended Petition on December 8, 2014. (Docs. 7, 8, 22, 23.) On May 13, 2015, Respondents filed a notice of lack of subject matter jurisdiction, asserting the Court does not have jurisdiction over the pending Second Amended Petition because it is a successive petition for writ of habeas corpus (the Notice). (Doc. 33.)

The Court ordered Petitioner to file a response to the Notice by June 15, 2015. (Doc. 34.) On Petitioner's motion, the Court later extended that deadline to August 17, 2015. (Docs. 36, 38.) On August 13, 2015, Petitioner responded to the Notice. (Doc. 46.) Before filing his response, Petitioner filed a motion for declaratory judgment, a motion for relief from judgment, and requests for expedited rulings on those motions.[1] (Docs. 39, 40, 41, 43.)

---

[1] Respondents did not respond to any of these motions.

As set forth below, the Court finds that the claims asserted in Grounds One, Two, and Three of the Second Amended Petition should be denied as successive, but that Respondents should be required to answer the claims asserted in Grounds Four, Five, and Six. The Court also recommends that Petitioner's Motion for Relief from Judgment (Doc. 40) be denied, and that his Motion for Declaratory Judgment (Doc. 39) be construed as a motion to supplement the Second Amended Petition, and granted.

## I.     Procedural Background

In June 1986, following a jury trial in Coconino County Superior Court Case No. CR85-11929, Petitioner was convicted of armed burglary, aggravated assault, and theft of property. (Doc. 33, Ex. A at 1.) The court imposed concurrent sentences; the longest sentenced imposed was life imprisonment without the possibility of release on parole until Petitioner served twenty-five calendar years. (Doc. 22 at 25-27.)

On April 25, 2000, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, captioned *Dennis Paul Eddy v. Terry L. Stewart*, CV-00-750-PCT-ROS (LOA), in which he challenged his convictions and sentences in Coconino County Superior Court Case No. CR85-11929. (Doc. 33, Ex. A at 3; *Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 1.) With the Court's permission, on January 29, 2001, Petitioner filed an amended petition in that case. (*Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 29.) On March 12, 2003, the Court dismissed the amended petition with prejudice as untimely under the applicable statute of limitations. (Doc. 33, Ex. A; *Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 120); *see also* 28 U.S.C. § 2244(d) (setting forth a one-year limitations period for a state prisoner to file a petition for writ of habeas in federal court).

Over ten years later, on March 28, 2014, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, again challenging his convictions and sentences in Coconino County Superior Court Case No. CR85-11929. (Doc. 1.) Pursuant to Court orders, Petitioner amended his petition and later filed the pending Second Amended Petition on December 8, 2014. (Doc. 22.) The Second Amended Petition also challenges Petitioner's convictions and sentences in Coconino

County Superior Court Case No. CR85-11929.  (Doc. 22 at 1.)  The Court directed Respondents to answer the Second Amended Petition.  (Doc. 23.)

Rather than filing an answer, on May 13, 2015, Respondents filed a notice of lack of subject matter jurisdiction.[2]  (Doc. 33.)  In the Notice, Respondents assert that the Second Amended Petition is successive because the Court previously dismissed Petitioner's habeas corpus petition in *Eddy v. Terry L. Stewart*, CV-00-750-PCT-ROS (LOA), in which Petitioner challenged the same convictions and sentences that he challenges in the pending Second Amended Petition.  (Doc. 33 at 3.)

Respondents explain that the Court lacks jurisdiction to consider the Second Amended Petition because Petitioner did not obtain permission from the United States Court of Appeals for the Ninth Circuit (Ninth Circuit) to file a successive petition as required by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In his Response, Petitioner argues that the AEDPA does not apply to him, he was not aware of the requirements for filing a second or successive § 2254 petition, and he should be permitted to challenge his State custody, which he asserts exceeds his parole eligibility date.  (Doc. 46.)  Alternatively, Petitioner requests a stay of this matter while he seeks permission to file a second or successive petition from the Ninth Circuit.  (*Id.*)

**II.    Discussion**

   **A.    The AEDPA Applies to Petitioner and this Proceeding**

Congress enacted the AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, *see Williams v. Taylor*, 529 U.S. 362, 386 (2000), and "to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000).  Petitioner argues that the AEPDA does

---

[2] Respondents also requested that the Court stay or extend the deadline for their answer until after the Court resolved the jurisdictional issue.  (Doc. 33.)  The Court granted that request.  (Doc. 34.)

- 3 -

not apply to him because it only applies to terrorists or defendants sentenced to death. (Doc. 46.) Petitioner does not cite any authority for this proposition. Petitioner made these same arguments in his prior § 2254 proceeding and the Court rejected them. (Doc. 33, Ex. A at 6-7.)

As the Court previously noted, the Supreme Court has held that the AEDPA applies to all petitions for writ of habeas corpus filed after the AEDPA's April 24, 1996 effective date. *See Slack v. McDaniel*, 529 U.S. 473, 481 (2000). Accordingly, the AEDPA applies to this § 2254 proceeding, which was commenced after April 24, 1996. Additionally, the AEDPA applies regardless of Petitioner's familiarity with the AEDPA. *See Benefield v. Ryan*, 2012 WL 3228784, at *6 (D. Ariz. Jul. 2, 2012) (stating a petitioner's ignorance of the law and indigent status did not excuse compliance with the AEDPA's limitations period); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling of the AEPDA limitations period because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

**B.    Requirements for Bringing a Second or Successive Petition**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and sentence. *See* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); § 2244(b)(2) (courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition and the failure to present that claim previously is not excused by the statutory exceptions). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

State habeas petitioners must first obtain authorization from the Ninth Circuit before filing a second or successive petition. *See* 28 U.S.C. § 2244(b)(3) ("Before a

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 549 U.S. at 153.

### C. Petitioner's Claims in the Second Amended Petition

As set forth in Section I above, the Second Amended Petition generally challenges the same convictions and sentences that Petitioner challenged in his previous petition for writ of habeas corpus. In Ground One, Petitioner claims that his sentence for first degree burglary was illegally enhanced. (Doc. 22 at 6.) In Grounds Two and Three, Petitioner argues that he was sentenced under a statute that has since been held unconstitutional. (Doc. 22 at 7-8.) In Ground Four, Petitioner contends that Respondents are "subjecting [him] to cruel and unusual punishment by making it appear to other inmates that Petitioner is being held on a sex crimes statute." (*Id.* at 9.) In Grounds Five and Six, Petitioner argues that the trial court's handling of his petition for post-conviction relief and his state petition for writ of habeas corpus violated his due process rights. (*Id.* at 10-13.) As set forth below, the Court considers whether these claims were or could have been brought in Petitioner's earlier § 2254 proceeding and finds that Grounds One, Two, and Three are successive and that Grounds Four, Five, and Six are not successive.

#### 1. Ground One

In Ground One, Petitioner argues that in 1986, after his conviction for first degree burglary, the trial court improperly enhanced his sentence under Ariz. Rev. Stat. § 13-604 because the jury did not find him guilty of violating that statute. (Doc. 22 at 6, 22, 25.) Petitioner's challenge to his sentence, imposed in June 1986, "[was] or could have been

adjudicated on their merits in an earlier petition," which he filed in 2000. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (stating that, "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."). Accordingly, the claim in Ground One is successive and is not properly before this Court because Petitioner did not obtain authorization from the Ninth Circuit before filing a petition including this successive claim. *See* 28 U.S.C. § 2244(b)(2).

### 2. Grounds Two and Three

In Ground Two, Petitioner asserts violations of his due process rights because he is being held in custody on the authority of a statute that has been declared unconstitutional. (Doc. 22 at 7.) Petitioner asserts that in 1986 his sentence was enhanced pursuant to Ariz. Rev. Stat. § 13-604, but the Arizona Supreme Court later held that statute unconstitutional in *State v. Gross*, 31 P.3d 815 (Ariz. 2001) (concluding that Ariz. Rev. Stat. § 13-604 was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the extent that release status was decided by the court, not a jury).

In Ground Three, Petitioner argues that his continued detention under the authority of this statute, Ariz. Rev. Stat. § 13-604, violates the Eighth Amendment and the Due Process Clause. (Doc. 22 at 8.) Petitioner explains that § 13-604 was declared unconstitutional in 2001 and was replaced with Ariz. Rev. Stat. § 13-708. (*Id.*) He argues that § 13-708 does not provide for a life sentence, but for a twenty-five percent increase of the statutory maximum sentence. (*Id.*) Petitioner argues that he should be resentenced under § 13-708. He also states that he did not obtain a copy of the decision in *Gross* until March 21, 2011. (Doc. 22 at 16.)

In Grounds Two and Three, Petitioner again challenges his sentence imposed in 1986, based on an Arizona Supreme Court decision that was issued on September 4, 2001. Those claims could have been raised in the prior habeas corpus proceeding, which was pending in this Court until 2003. (*See* CV-00-750-PCT-ROS (LOA), Doc. 125.)

The prior habeas corpus proceeding was filed on April 25, 2000 and amended on

1    January 29, 2001.  (CV-00-750-PCT-ROS (LOA), Docs. 1, 29.)  On June 15, 2001, the
2    assigned magistrate judge issued a report and recommendation recommending that the
3    amended petition be dismissed as untimely.  (Doc. 80, Ex. B.)  Petitioner filed several
4    motions and objections.  (CV-00-750-PCT-ROS (LOA), Docs. 81, 83, 84, 85, 86, 87, 90,
5    91.)  On August 23, 2001, the assigned magistrate judge issued a Supplemental Report
6    and Recommendation, addressing the issues raised in Petitioner's motions and objections
7    and again recommended that the Court deny habeas corpus relief for the reasons set forth
8    in the June 15, 2001 Report and Recommendation.  (Doc. 92.)

9    Petitioner then filed numerous documents, including a notice of interlocutory
10   appeal to the Ninth Circuit.  (Docs. 93-105.)  On May 29, 2012, the Ninth Circuit
11   dismissed the interlocutory appeal for lack of jurisdiction.  (Doc. 106.)  Petitioner again
12   filed numerous documents and motions with the Court.  (Docs. 107-118.)  On March 12,
13   2003, the Court adopted the Report and Recommendation, dismissed Petitioner's claims
14   with prejudice, and entered judgment.  (CV-00-750-PCT-ROS (LOA), Docs. 125-26.)

15   Thus, the prior § 2254 petition was pending for nearly eighteen months after the
16   Arizona Supreme Court issued its decision in *Gross* on September 4, 2001  Petitioner,
17   who filed numerous motions and other documents in his prior § 2254 proceeding, could
18   have raised the claims asserted in Grounds Two and Three in that proceeding  Petitioner
19   explains that he did not present the claims asserted in Grounds Two and Three in his
20   earlier petition because he did not receive a copy of the *Gross* decision until March 21,
21   2011.  (Doc. 22 at 18.)  He explains that the prison law libraries "had been closed" and
22   that he did not know that Ariz. Rev. Stat. § 13-604 had been declared unconstitutional
23   until March 2011 when another inmate told him about the decision and he was able to
24   obtain a copy of the case.  (*Id.* at 15.)

25   This issue is not properly before this Court.  Whether "the factual predicate for
26   [Grounds Two and Three] could not have been discovered previously through the
27   exercise of due diligence[,]" is an issue for the Ninth Circuit to consider when deciding
28   whether to authorize Petitioner to file a second or successive § 2254 petition including

- 7 -

the claims asserted in Grounds Two and Three. *See* 28 U.S.C. § 2244(b)(2)(B); *Burton*, 549 U.S. at 153 (the Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."). Therefore, the claims asserted in Grounds Two and Three are successive and this Court lacks jurisdiction to consider those claims because Petitioner did not obtain authorization from the Ninth Circuit to present these successive claims. *See* 28 U.S.C. § 2244(b)(3).

### 3. Ground Four

In Ground Four, Petitioner alleges a violation of his Eighth Amendment rights because the Arizona legislature abolished Ariz. Rev. Stat. § 13-604 as unconstitutional, and enacted a new statute that is also numbered Ariz. Rev. Stat. § 13-604, but pertains to sex crimes. (Doc. 22 at 9.) Petitioner alleges that because he was convicted under a statute with that same number, it appears that he is being held for violating a sex crimes statute and is a sex offender, which has placed his life in jeopardy.

Respondents generally assert that the Second Amended Petition challenges the same convictions and sentences at issue in the prior habeas proceeding, but do not specifically explain why the claims asserted in Ground Four are successive. (Doc. 33.) In Ground Four, Petitioner does not specify when Ariz. Rev. Stat. § 13-604 was amended. However, the current version of Ariz. Rev. Stat. § 13-604 was amended effective January 1, 2009. It is entitled "Class 6 felony; designation," and does not appear to be limited to sex crimes. Because Petitioner alleges that he is currently in danger, the Court assumes that Ground Four is based on the most recent version of Ariz. Stat. § 13-604, which was amended in 2009. Accordingly, Petitioner could not have presented this claim in his prior habeas corpus proceeding and it is not successive. Accordingly, the Court recommends that Respondents be required to answer Count Four.

### 4. Grounds Five and Six

Ground Five pertains to post-conviction proceedings that Petitioner filed in the state court on March 31, 2011, pursuant to Rule 32 of the Arizona Rules of Criminal

Procedure. (Doc. 22 at 10.) Petitioner argues that the State did not file a timely response to his petition for post-conviction relief, as Ariz. Rev. Stat. § 13-4236(A) requires. (Doc. 22 at 10.) He also argues that the trial court violated Ariz. Rev. Stat. § 13-4236(C) by failing to issue a ruling on the petition within the required time frame. (*Id.* at 11.) In Ground Six, Petitioner argues a violation of his due process rights because the State did not comply with the time frames for processing a state petition for writ of habeas corpus, which he allegedly filed on June 7, 2011. (Doc. 22 at 12.) Petitioner asserts that the trial court did not comply with Ariz. Rev. Stat. § 4124(A). (*Id.* at 12-13.)

Respondents do not explain why these claims are second or successive. (Doc. 33.) Because Grounds Five and Six pertain to events that occurred years after the Court dismissed the prior post-conviction proceeding, the Court finds that the claims in Grounds Five and Six are not second or successive. Although these claim may not be cognizable in a § 2254 petition for other reasons or otherwise lack merit, Respondents have not asserted any other ground for denying relief on these claims  (Doc. 33.) Accordingly, the Court recommends that Respondents be required to answer these claims.

### D. Motion for Relief from Judgment

In an apparent attempt to avoid the requirements for filing a second or successive petition for writ of habeas corpus, Petitioner filed a Motion for Relief from Judgment. (Doc. 40.) In that motion, Petitioner seeks an order under Rule 60 of the Federal Rules of Civil Procedure. (Doc. 40.) Specifically, Petitioner requests "that he be granted leave to proceed [with the pending habeas corpus proceeding] as relief from [Judge Silver's March 12, 2003] judgment or order." (*Id.*) In other words, Petitioner seeks authorization from this Court to present his successive claims in the pending § 2254 proceeding. As discussed in Section II.B, this Court is not authorized to grant Petitioner permission to file a second or successive petition for writ of habeas corpus. Rather, he must make such a request in the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, the Court recommends that the motion for relief from judgment be denied.

### E. Motion for Declaratory Judgment

Petitioner has also filed a motion for declaratory judgment. (Doc. 39.) In that motion, Petitioner requests an order declaring that the State of Arizona has violated Ariz. Rev. Stat. § 14-1604.10(A) and the Due Process Clause by keeping him in custody past his parole eligibility date. (Doc. 39.) A motion for declaratory judgment is not the proper vehicle for Petitioner to challenge the duration of his confinement. However, a federal challenge to the duration of his confinement could be included in a § 2254 petition. *See Stewart v. Stewart*, 152 Fed. App'x. 618 (9th Cir. 2005) (considering a § 2254 petitioner's claims that the State failed to properly calculate his sentence); *see also Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections). Petitioner, however, did not include this claim in the Second Amended Petition. (Doc. 22.) In an abundance of caution, the Court recommends that the motion for declaratory judgment be construed as a motion to supplement the Second Amended Petition and granted, and that Respondents be required to file an answer to the claims included in the supplement.

### III. Conclusion

The Court finds the claims asserted in Grounds One, Two, and Three of the pending Second Amended Petition are successive and that the Court lacks jurisdiction to consider those claims because Petitioner presented them without first obtaining permission from the Ninth Circuit. Accordingly, the Court recommends that Grounds One, Two, and Three be dismissed without prejudice to Petitioner seeking permission from the Ninth Circuit to bring those claims in a successive petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3). The Court finds the claims asserted in Grounds

Four, Five, and Six are not successive and recommends that Respondents be directed to answer those claims.

The Court also recommends that motion for declaratory judgment (Doc. 39) be construed as a motion to supplement the Second Amended Petition and granted, and that Respondents be ordered to answer the claims in that filing.[3]  Finally, the Court recommends that Petitioner's remaining motions (Docs. 40, 41, 42) be denied.

Accordingly,

**IT IS RECOMMENDED** that the Court dismiss Grounds One, Two, and Three without prejudice to Petitioner seeking authorization from the Ninth Circuit to bring those claims in a successive § 2254 petition, and that the Court deny Petitioner's request to stay this matter (Doc. 46 at 4) while he seeks such authorization.

**IT IS FURTHER RECOMMENDED** that the Court deny Petitioner's Motion for Relief from Judgment or Order.  (Doc. 40.)

**IT IS FURTHER RECOMMENDED** that the Court construe Petitioner's Motion for Declaratory Relief (Doc. 39) as a motion to supplement the Second Amended Petition for Writ of Habeas Corpus and grant that motion.

**IT IS FURTHER RECOMMENDED** that if the Court adopts this Report and Recommendation, it order Respondents to file an answer to Grounds Four, Five, and Six and to the motion for declaratory relief (construed as a motion to supplement the Second Amended Petition) within thirty days of the Court's order, and state in its order that Petitioner may file a rely within thirty days of service of Respondents' answer.

**IT IS FURTHER RECOMMENDED** that the Court deny Petitioner's motions for expedited ruling on his Motion for Declaratory Relief and Motion for Relief from Judgment.  (Docs. 41, 42.)

---

[3] The Court makes no determination regarding the merits of the claims asserted in Grounds Four, Five, Six, and in the motion for declaratory judgment (construed as a motion to supplement the Second Amended Petition), or as to any defenses Respondents could assert in an answer to those claims.

- 11 -

1. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of August, 2015.

_____
Bridget S. Bade
United States Magistrate Judge