# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Paul Eddy,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-14-08047-PCT-NVW (BSB)<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

On March 25, 2014, Petitioner Dennis Paul Eddy filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner filed an amended petition on April 4, 2014 (Doc. 7), which the Court dismissed with leave to file another amended petition. (Doc. 8.) In accordance with Court orders, Petitioner filed a Second Amended Petition on December 8, 2014. (Docs. 8, 22, 23.)

On May 13, 2015, Respondents filed a notice of lack of subject matter jurisdiction, asserting the Court does not have jurisdiction over the pending Second Amended Petition because it is a successive petition for writ of habeas corpus. (Doc. 33.) The assigned magistrate judge issued a report and recommendation regarding that notice. (Doc. 47.) On September 9, 2015, the district judge adopted the report and recommendation and dismissed Grounds One, Two, and Three of the Second Amended Petition as successive. (Doc. 53 at 2.) The district judge directed Respondents to respond to the claims asserted in Grounds Four, Five, and Six. (*Id.*) The district judge also directed Respondents to respond to the claim raised in Petitioner's Motion for Declaratory Judgment (Doc. 39),

which was construed as a supplement to the Second Amended Petition (the supplemental claim). (Doc. 53 at 2.)

After receiving an extension of time, on December 7, 2015, Respondents filed a limited answer to the Second Amended Petition and the supplemental claim. (Docs. 56, 71.) Petitioner also received several extensions of time, and filed a reply on March 7, 2016.[1] (Docs. 78, 91, 100.) As set forth below, the Court recommends that the Second Amended Petition and the supplement be denied.

## I. Factual and Procedural Background

### A. Trial and Sentencing

In June 1986, following a jury trial in Coconino County Superior Court, in case CR85-11929, Petitioner was convicted of armed burglary, aggravated assault, and theft of property. (Doc. 71, Ex. A.) The court imposed concurrent sentences for the three counts of conviction. The longest of the concurrent sentences was life imprisonment without the possibility of release on parole until Petitioner served twenty-five calendar years. (Doc. 71, Ex. C.)

### B. First Post-Conviction Proceeding and Other Filings

On January 16, 1996, Petitioner filed in the trial court a notice of post-conviction relief and an "undated" petition. (Doc. 71, Exs. E, F.) The court appointed counsel, who subsequently notified that court that he was unable to find any issues to raise on post-conviction review. (Doc. 71, Ex. F.) The court granted Petitioner additional time to file "another or supplemental petition for post-conviction relief." (*Id.*) Petitioner did not file a supplemental petition and the deadline to do so expired. (*Id.*) The trial court dismissed the proceeding because Petitioner had not presented any claims that entitled him to relief.

---

[1] On March 7, 2016, the Court granted Petitioner an extension until March 18, 2016 to file a reply. (Doc. 99.) Petitioner's reply was signed and electronically filed that same day. (Doc. 100.) Although it is unclear whether Petitioner received the March 7, 2016 order before he filed his reply, that order only extended the deadline for Petitioner to file a reply and did not authorize Petitioner to file more than one reply. On March 21, 2016, Petitioner filed a motion to supplement his reply. (Doc. 101.) Petitioner argues that he was ill on March 7, 2016, the day he filed his reply, and failed to present all of his arguments. In an abundance of caution, the Court will grant Petitioner's motion and consider the arguments contained in that filing.

(*Id.*)  On May 17, 1996, Petitioner filed a motion for reconsideration.[2]  (Doc. 71, Ex. G.)  The trial court denied the motion as untimely under the Arizona Rules of Criminal Procedure.  (Doc. 71, Ex. H.)

On July 2, 1996, Petitioner filed a "Petition for Special Action for a Writ of Habeas Corpus" in the Arizona Supreme Court.  (Doc. 71, Ex. I.)  On July 19, 1996, the Arizona Supreme Court summarily dismissed the petition, ruling that it "present[ed] nothing upon which relief [could] be obtained."  (Doc. 71, Ex. J.)  The Arizona Supreme Court later denied Petitioner's motion for reconsideration.  (Doc. 71, Ex. K.)  On November 8, 1996, Petitioner filed a second "Petition for Writ of Habeas Corpus (En Banc)" in the Arizona Supreme Court.  (Doc. 71, Ex. L.)  On November 29, 1996, the Arizona Supreme Court dismissed the petition.  (Doc. 71, Ex. M.)  The court held that a state habeas petition could "not be used in Arizona as a substitute for following the orderly process of appeal and/or review provided in the Rules of Court[.]"  (*Id.*)

On March 7, 1997, Petitioner filed in the trial court a "Petition to Vacate Unconstitutional Sentence Defendant is Serving (By Treating this as a Petition for Writ of Habeas Corpus if Necessary)."  (Doc. 71, Ex. N.)  Petitioner asserted that, in August 1996, he sought clarification about his parole status and was told he would not be eligible for parole consideration until "04/05/2266," some "269 years away."  (*Id.* at 2-3.)  Petitioner claimed that his parole eligibility should begin on "12-2-2010."  (*Id.* at 3.)  On April 4, 1997, the trial court denied the petition, but forwarded a copy of the sentencing minute entry to the Arizona Department of Corrections (DOC) to review Petitioner's claims.  (Doc. 71, Ex. O.)  The court emphasized that it was not ordering any relief, but sending the minute entry to DOC "only for D.O.C. information."  (*Id.*)

Petitioner subsequently filed numerous documents in the trial court, including: (1) a petition for an evidentiary hearing to convert his imprisonment to a mental health

---

[2] Petitioner argued that he was unable to file a petition for post-conviction relief because he was denied access to the law library in March 1996, he was ill after a TB test in April 1996, he was ill for three weeks in May 1996, and his legal materials were taken from him.  (Doc. 71, Ex. G.)

commitment,[3] (2) another petition for writ of habeas corpus, (3) a request for resentencing in light of his mental health, (4) two petitions for review, and (5) various other documents and motions. (Doc. 71, Exs P-V.) The trial court denied relief on these various filings. (Doc. 71, Ex. Q-V.) The court also found that Petitioner's claims that his sentences were unconstitutional and his petitions for review related to his mental health were untimely. (*Id.*) In an October 30, 1997 minute entry, the trial court stated that it had conducted an in camera review of Petitioner's DOC medical records. (Doc. 71, Ex. U.) The court found nothing in those records that warranted resentencing Petitioner. (*Id.*)

On September 27, 1997, Petitioner filed a petition for review from the trial court's denial of his petition for post-conviction relief and argued that his sentences were unconstitutional.[4] (Doc. 71, Ex. W.) On October 10, 1997, Petitioner filed a petition for review from the denial of a "petition for an evidentiary hearing for mental health commitment." (Doc. 71, Ex. X.) The court of appeals consolidated the petitions for review, which it identified as petitions for review form the denial of post-conviction relief. (Doc. 71, Exs. Y, Z.) On April 23, 1999, the court of appeals denied review. (Doc. 71, Ex. Z.) Petitioner sought review in the Arizona Supreme Court. (Doc. 71, Exs. AA, BB.) The Arizona Supreme Court summarily denied review on September 2, 1999. (Doc. 71, Ex. CC.)

**2.     Second Post-Conviction Proceeding**

Nearly five years later, on July 30, 2004, Petitioner filed another petition for post-conviction relief in the trial court. (Doc. 71, Exs. DD, EE.) On November 29, 2004, the trial court denied post-conviction relief. (Doc. 71, Ex. GG.) On December 16, 2004,

---

[3] In his April 21, 1997 filing, Petitioner stated that he had post-traumatic stress disorder (PTSD), experienced side effects from psychiatric medication, and had tried to commit suicide in the past, including in 1986 at the Coconino County Jail. (Doc. 71, Ex. P.)

[4] Petitioner specifically sought review of the trial court's denial of his "Petition to Vacate Unconstitutional Sentence." (Doc. 71, Ex. EE; Doc. 71, Exs. N, O.) The Arizona Court of Appeals referred to this filing as a petition for post-conviction relief. (Doc. 71, Exs.Y, Z.)

- 4 -

Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 71, Exs. HH, II.) On September 1, 2005, the court of appeals denied review. (Doc. 71, Ex. JJ.) Petitioner filed a petition for review to the Arizona Supreme Court, which was denied on January 23, 2006. (Doc. 71, Exs. KK, LL.)

### 3. Third Post-Conviction Proceeding

On August 22, 2005, while Petitioner's second post-conviction proceeding was pending, he filed a third petition for post-conviction relief. (Doc. 71, Ex. MM.) The trial court stayed that proceeding pending the conclusion of Petitioner's second post-conviction proceeding. (Doc. 71, Ex. OO.) After the conclusion of the second post-conviction proceeding, the trial court denied relief on the third petition for post-conviction relief on May 25, 2006. (Doc. 71, Ex. OO.) Petitioner filed a petition for review in the Arizona Court of Appeals, to which he attached a lengthy appendix.[5] (Doc. 71, Exs. PP, QQ (Petition).) The trial court notified Petitioner that his petition for review did not comply with the filing rules. (Doc. 71, Ex. PP.) Petitioner subsequently filed a rule-compliant petition for review. (Doc. 71, Exs PP, RR, SS, TT.) On July 12, 2007, the Arizona Court of Appeals denied review. (Doc. 71, Ex. UU.)

### 4. Fourth Post-Conviction Proceeding

On December 9, 2009, Petitioner filed a fourth notice and petition for post-conviction relief, claiming that changes in Ariz. Rev. Stat. § 13-701(A), effective on January 1, 2009, provided a basis for the court to revisit his original sentence. (Doc. 71, Ex. VV.) On January 13, 2010, the trial court dismissed the petition. (Doc. 71, Ex. WW.) The court noted that Petitioner acknowledged the statute was not applicable retroactively, and therefore did not apply to him. (*Id.*) The court also found that Petitioner's remaining claims were precluded from post-conviction review because Petitioner had raised them in previous petitions. (*Id.*) Petitioner did not file a petition for review with the Arizona Court of Appeals. (Doc. 71, Exs. W, X, HH, PP, GGG.)

---

[5] Respondents did not file the appendix with this Court, and the Court does not require a copy.

- 5 -

### 5.     Fifth Petition for Post-Conviction Relief

On January 11, 2010, while his fourth post-conviction proceeding was pending, Petitioner commenced another post-conviction proceeding, claiming a "significant change in the law" applied to his case "via [Ariz. Rev. Stat.] § 13-701(A) effective January 1st, 2009, that encompass [Ariz. Rev. Stat. §] 13-604(I) and the statutes that requires restitution to be paid to the victim." (Doc. 71, Ex. XX.)  On January 28, 2010, the trial court denied relief, noting that Petitioner had raised those same claims in his fourth petition.  (Doc. 71, Ex. YY.)  The court dismissed the post-conviction proceeding for the "same reasons" set forth in its January 13, 2010 order.  (Doc. 71, Ex. YY.)  Petitioner did not file a petition for review to the Arizona Court of Appeals.  (Doc. 71, Exs. W, X, HH, PP, and GGG.)

### 6.     Sixth and Seventh Post-Conviction Proceedings

On March 31, 2011, Petitioner filed a sixth petition for post-conviction relief, claiming that a new rule of constitutional law — *State v. Gross*, 31 P.3d 815 (Ariz. Ct. App. 2001) — invalidated Ariz. Rev. Stat. § 13-604.  (Doc. 71, Ex. ZZ.)  On June 7, 2011, before the court ruled on the petition, Petitioner filed a petition for writ of habeas corpus and a motion for appointment of counsel.  (Doc. 71, Exs. AAA, BBB.)

On November 28, 2011, Petitioner filed another document in the trial court entitled "Petition for Re–Sentencing via a Disproportionality Review Hearing to Impose Article II, Section 13 of the Constitution of the State of Arizona."  (Doc. 71, Ex. CCC.)  On December 8, 2011, the trial court considered the filing as Petitioner's seventh petition for post-conviction relief, concluded that it was successive, and found that it "fail[ed] to set forth any colorable claim for relief under Rule 32."  (Doc. 71, Ex. DDD.)  The trial court held that "[f]or all the reasons set forth in the previous order dated January 7, 2010, and for failure to raise a claim that is not precluded, the Court dismisses the Petition without hearing."  (*Id.*)

However, before the trial court ruled on Petitioner's sixth petition for post-conviction relief, Petitioner filed two notices of appeal in the trial court.  (Doc. 71,

- 6 -

Exs. EEE, FFF.)  The trial court found that the notices of appeal divested it of jurisdiction.  The court noted that, due to an apparent error, it had not received the sixth petition for post-conviction relief until December 20, 2011, and therefore it "did not rule on these motions before [Petitioner] filed his Notice of Appeal."  (Doc. 71, Ex. FFF.)

On December 16, 2011, Petitioner filed the same "Notice of Appeal" from his sixth petition for post-conviction relief in the Arizona Court of Appeals.  (Doc. 71, Ex. GGG, HHH.)  Petitioner filed a petition for review on January 20, 2012.  (Doc. 71, Ex. III.)  The State subsequently responded to the petition for review related to the sixth petition for post-conviction relief, which had not been ruled upon by the trial court, and argued that Petitioner was not entitled to the retroactive application of the *Gross* decision. (Doc. 71, Ex. JJJ.)  Petitioner filed a reply.  (Doc. 71, Ex. KKK.)  On October 3, 2013, the court of appeals denied review.  (Doc. 71, Ex. LLL.)  On October 24, 2013, Petitioner filed a petition for review in the Arizona Supreme Court, which was denied on March 4, 2014. (Doc. 71, Exs. MMM, NNN.)

### 7. Special Action Petition

On October 9, 2012, while Petitioner's sixth and seventh petitions for post-conviction relief were pending, he filed a "petition for review" in the Arizona Court of Appeals, which the court construed as a petition for special action.  (Doc. 71, Ex. OOO.) The court of appeals denied the petition on October 22, 2012.  (Doc. 71, Ex. PPP.) Petitioner appealed that decision to the Arizona Supreme Court, which denied review on February 15, 2013.  (Doc. 71, Ex. QQQ.)

### D. Federal Petitions for Writ of Habeas Corpus

On April 25, 2000, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, captioned *Dennis Paul Eddy v. Terry L. Stewart*, CV-00-750-PCT-ROS (LOA), in which he challenged his convictions and sentences in Coconino County Superior Court case CR85-11929, the same case at issue in his pending Second Amended Petition.  (Doc. 33, Ex. A at 3; *Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 1.) With the Court's permission, on January 29, 2001, Petitioner filed an amended petition in

- 7 -

that case. (*Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 29.) On March 12, 2003, the Court dismissed the amended petition with prejudice as untimely under the applicable statute of limitations. (Doc. 33, Ex. A; *Eddy*, CV-00-750-PCT-ROS (LOA), Doc. 120); *see also* 28 U.S.C. § 2244(d) (setting forth a one-year limitations period for a state prisoner to file a petition for writ of habeas in federal court).

Over ten years later, on March 28, 2014, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, again challenging his convictions and sentences in Coconino County Superior Court case CR85-11929. (Doc. 1.) Pursuant to court orders, Petitioner amended his petition and later filed the pending Second Amended Petition on December 8, 2014. (Doc. 22.) The Second Amended Petition includes six grounds for relief challenging Petitioner's convictions and sentences in Coconino County Superior Court case CR85-11929. (Doc. 22 at 1.)

In Ground One, Petitioner claims that his sentence for first-degree burglary was illegally enhanced. (Doc. 22 at 6.) In Grounds Two and Three, Petitioner argues that he was sentenced under a statute that has since been held unconstitutional. (Doc. 22 at 7-8.) In Ground Four, Petitioner contends that Respondents are "subjecting [him] to cruel and unusual punishment by making it appear to other inmates that Petitioner is being held on a sex crimes statute." (*Id.* at 9.) In Grounds Five and Six, Petitioner argues that the trial court's handling of his petition for post-conviction relief and his state petition for writ of habeas corpus violated his due process rights. (*Id.* at 10-13.) In his supplemental claim, Petitioner argues that Respondents violated Ariz. Rev. Stat. § 14-1604.10(A) by extending his incarceration. (Doc. 39.)

The Court previously dismissed Grounds One, Two, and Three without prejudice to Petitioner seeking authorization from the Ninth Circuit to bring those claims in a successive § 2254 petition. (Doc. 53.) The Court directed Respondents to respond to Grounds Four, Five, Six, and the supplemental claim. (*Id.*) In their response, Respondents argue that Ground Four is untimely, Grounds Four, Five, and Six are not cognizable on habeas corpus review, and Grounds Five and Six are procedurally barred

1  from federal habeas corpus review.  (Doc. 71.)  Respondents further argue that the
2  supplemental claim is unexhausted.  (*Id.*)  As discussed below, the Court concludes that
3  Grounds Four, Five, and Six are not cognizable on federal habeas corpus review and,
4  therefore, does not consider Respondents' alternative arguments, including the timeliness
5  arguments, related to those claims.  The Court also finds that the supplemental claim is
6  unexhausted, but that it is not cognizable on federal habeas corpus review.

**II.    Discussion**

### A.    Ground Four is not Cognizable on § 2254 Review

Respondents assert that Ground Four is not cognizable on federal habeas corpus review.[6]  (Doc. 71 at 23-25.)  Petitioner does not respond to this argument in his reply or in his supplemental reply.  (Docs. 100, 101.)  As discussed below, the Court concludes that Ground Four does not assert a cognizable claim.

A federal court may only consider a petition for writ of habeas corpus if the petitioner alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 68 (1991); *see also Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("A habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty.").  "[F]ederal habeas corpus does not lie for errors of state law." *Estelle*, 502 U.S. at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (stating that "mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."). Moreover, a habeas petitioner cannot "transform a state law issue into a federal one by merely asserting a violation of due process."  *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)).

In Ground Four, Petitioner alleges a violation of the Eighth Amendment and asserts a violation of his due process rights.  (Doc. 22 at 9.)  To support his claim,

---

[6] Respondents state that it appears that Petitioner exhausted this claim by presenting it to the Arizona Court of Appeals in his sixth post-conviction proceeding. (Doc. 71 at 12.)

- 9 -

Petitioner asserts that the Arizona legislature abolished Ariz. Rev. Stat. § 13-604, the statute of conviction, as unconstitutional, and subsequently enacted a new statute using that same number, Ariz. Rev. Stat. § 13-604.  Petitioner asserts that the new statute pertains to sex crimes. (Doc. 22 at 9.) Petitioner alleges that because he was convicted under a statute that was identified by the same number as a statute that currently pertains to sex crimes, it appears that he is being held for violating a sex crimes statute and that he is a sex offender, which places his life in jeopardy. (*Id.*) Petitioner does not specify when Ariz. Rev. Stat. § 13-604 was amended. However, the current version of Ariz. Rev. Stat. § 13-604 was amended effective January 1, 2009.  It is entitled "Class 6 felony; designation," and does not appear to be limited to sex crimes.  Because Petitioner alleges that he is currently in danger, the Court assumes that Ground Four is based on the most recent version of Ariz. Stat. § 13-604, which was amended in 2009.[7]

Although Ground Four alleges a violation of the "cruel and unusual punishment clause of the Eighth Amendment" and "a violation of Due Process of Law" (Doc. 22 at 9), Petitioner's claim challenges the Arizona legislature's numbering of a statute, and alleges that the statute's designation makes it appear that he is being held as a sex offender. Petitioner's challenge to the Arizona legislature's designation of a state statute does not state a federal constitutional claim and, therefore, is not cognizable on federal habeas corpus review. *See Estelle*, 502 U.S. at 62, 67-68 (recognizing that federal courts conducting habeas review are limited to "deciding whether a conviction violated the Constitution, laws or treaties of the United States"). Because Petitioner's argument with respect to the state legislature's designation of a statute, which is not the statute under which he was convicted, does not attack the constitutionality of Petitioner's detention, that alleged error is not cognizable in a habeas corpus proceeding pursuant to 28 U.S.C.

---

[7] Petitioner appears to concede that his Second Amended Petition is untimely. (Doc. 22 at 15.) In a discussion attempting to excuse his untimely filing, Petitioner states that the sentencing statute, Ariz. Rev. Stat. § 13-604, was held unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*Id.*) However, none of the grounds for relief that are before the Court assert an *Apprendi* violation. Accordingly, the Court does not consider whether Petitioner's sentence violates *Apprendi*.

1 § 2254. *See Estelle*, 502 U.S.at 67 68 (federal habeas corpus review is not available for violations of state law or for alleged error in the interpretation or application of state law). Therefore, Petitioner is not entitled to relief on Ground Four.

### C.   Grounds Five and Six are not Cognizable on § 2254 Review

Respondents argue that Grounds Five and Six are not cognizable on federal habeas corpus review. (Doc. 71 at 25-27.) Petitioner's reply and supplemental reply do not address this argument. (Docs. 100, 101.) The Court agrees that Grounds Five and Six do not present cognizable claims.[8] As previously stated, to be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On habeas corpus review, federal courts lack jurisdiction to review state court applications of state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998) (stating that "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules."

Ground Five pertains to post-conviction proceedings that Petitioner filed in the state court on March 31, 2011, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 22 at 10.) Petitioner argues that the State did not file a timely response to his petition for post-conviction relief as Ariz. Rev. Stat. § 13-4236(A) requires. (Doc. 22 at 10.) He also argues that the trial court violated Ariz. Rev. Stat. § 13-4236(C) by failing to issue a ruling on the petition within the required time frame. (*Id.* at 11.) In Ground Six, Petitioner asserts a violation of his due process rights because the State did not comply with the time frames for processing a state petition for writ of habeas corpus, which he allegedly filed on June 7, 2011. (Doc. 22 at 12.) Petitioner specifically argues that the trial court did not comply with Ariz. Rev. Stat. §13-4124(A). (*Id.* at 12-13.)

---

[8] Respondents also argue that Grounds Five and Six are technically exhausted and procedurally barred from federal habeas corpus review. (Doc. 71 at 27.) The Court need not resolve this issue because Grounds Five and Six are not cognizable on federal habeas corpus review regardless of whether those claims were fairly presented to the state courts.

The Ninth Circuit has clarified that procedural errors arising during post-conviction relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254 because they do not challenge a petitioner's detention. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (finding that the post-convictions court's failure to appoint petitioner counsel in his second post-conviction proceedings did not constitute a basis for a federal habeas claim); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (stating that errors in the post-conviction proceeding were not cognizable in federal habeas corpus proceedings). Accordingly, whether the State or the state court complied with Arizona statutes governing state post-conviction proceedings is a matter of state law that is not "addressable through habeas corpus proceedings." *Franzen*, 877 F.2d at 26.

Therefore, Petitioner's claims in Grounds Five and Six, which challenge the application of Arizona law related to post-conviction proceedings, are not cognizable on federal habeas review. Additionally, Petitioner cannot transform his state law claims into federal claims by citing the Due Process Clause. *See Poland*, 169 F.3d at 584. Therefore, Petitioner is not entitled to relief on Grounds Five and Six.

### D. Supplemental Claim

As previously stated, Petitioner filed a motion for declaratory judgment, which the Court construed as a supplement to the Second Amended Petition (the supplemental claim). (Docs. 39, 53.) The supplemental claim asserts that the State has detained Petitioner beyond his mandatory twenty-five year sentence without determining whether he is eligible for parole. (Doc. 39.) Respondents assert that this claim is unexhausted because Petitioner has not presented it to the state court. (Doc. 71 at 33.) Therefore, the Second Amended Petition is a mixed petition because it contains exhausted and unexhausted claims.[9]

---

[9] Respondents state that Ground Four is exhausted (Doc. 71 at 12), and that Grounds Five and Six are technically exhausted because Petitioner did not present those claims to the Arizona Court of Appeals and Arizona law would bar him from attempting to present those claims now. (Doc. 71 at 32.)

- 12 -

1    Habeas corpus relief is unavailable "unless the applicant has exhausted the
2    remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(1)(A). The
3    Supreme Court has held that "a district court must dismiss habeas petitions containing
4    both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).
5    However, after the Supreme Court decided *Rose*, Congress enacted the AEDPA, which
6    imposes a one-year statute of limitations for filing federal habeas corpus petitions. *See*
7    28 U.S.C. § 2254(d)(1). The Supreme Court then recognized that if a petitioner filed a
8    mixed petition (a petition containing both exhausted and unexhausted claims) in federal
9    court, the combined effect of *Rose* and the AEDPA could result in the loss of all claims,
10   including those already exhausted, because the limitations period could expire while a
11   petitioner returned to state court to present his unexhausted claims. *Pliler v. Ford*, 542
12   U.S. 225, 230-31 (2004). Thus, in *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005), the
13   Supreme Court held that the district court has limited discretion to hold in abeyance a
14   habeas petition containing both exhausted and unexhausted claims to permit a petitioner
15   to return to state court to exhaust additional claims while the federal proceedings are
16   stayed.

17   The stay-and-abeyance procedure is only appropriate when the district court
18   determines that (1) there was good cause for the petitioner's failure to exhaust his claims
19   in state court, (2) the unexhausted claims are not "plainly meritless," and (3) there is no
20   indication that the petitioner has engaged in intentionally dilatory litigation tactics.
21   *Rhines*, 544 U.S. at 277-78. In *Rhines*, the Court cautioned that the stay-and-abeyance
22   procedure "should be available only in limited circumstances," and should be applied
23   consistently with the AEDPA's twin purposes of "reduc[ing] delays in the execution of
24   state and federal criminal sentences" and encouraging "petitioners to seek relief from
25   state courts in the first instance." *Id.* at 277.

26   The stay-and-abeyance procedure is not appropriate in this case because the
27   supplemental claim is not cognizable on federal habeas corpus review. Petitioner refers
28   to the Due Process Clause. (Doc. 39 at 2.) However, his supplemental claim is based on

the application of state law. Specifically, Petitioner argues that Respondents are improperly "taking imaginary earned release credits" from him to enhance his sentence in violation of Arizona law. (*Id.* at 3.) Petitioner argues that the Arizona statute pursuant to which he was sentenced does not allow for earned release credits and therefore, Respondents are improperly extending his sentence by allegedly taking from Petitioner earned release credits that he could not have earned. (*Id.*)

To support his claim, Petitioner refers to an inmate letter in which he inquired about the computation of his parole eligibility date, and argued that he was eligible for parole on December 1, 2010. (Doc. 39 at 7.) Petitioner also submits a response to that letter from the Arizona Department of Corrections (DOC) which states that, pursuant to Ariz. Rev. Stat. § 41-1604.09(F), Petitioner's parole eligibility date was "increase[d] by the number of days [he was] in a noneligible parole class." (*Id.* at 9.) Petitioner was in a noneligible parole class III based on disciplinary violations. (*Id.*) Based on this evidence, Petitioner also may be challenging the application of Ariz. Rev. Stat. § 41-1604.09(F) to his sentence.

The application of state statutes to Petitioner's sentence is a matter of state law and is not subject to federal habeas corpus review. *See Estelle*, 502 U.S. at 67 68 (federal habeas corpus review is not available for violations of state law or for alleged error in the interpretation or application of state law). Although Petitioner generally cites to the Due Process Clause, he does make an argument applying the Due Process Clause. Rather, he bases his argument on the applicable state statutes. Accordingly, Petitioner is not entitled to habeas corpus relief on the supplemental claim and, therefore, the stay and abeyance procedure is not appropriate. *See Rhines*, 544 U.S. at 277-78.

### III. Conclusion

Because Grounds Four, Five, Six, and the supplemental claim are not cognizable on federal habeas corpus review, the Court recommends that the Second Amended Petition, including the supplemental claim, be denied.

Petitioner's reply and supplemental reply do not raise any arguments indicating that Petitioner is entitled to relief. (Docs. 100, 101.) The reply and supplemental reply do not directly address the arguments in Respondents' answer. Rather, they appear to assert new claims based on Petitioner's post-traumatic stress disorder, prison transfers, limited access to legal resources at various times, the DOC's disciplinary process, and based on state criminal proceedings that were not raised in the Second Amended Petition. (*Id.*) "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Therefore, the Court will not consider Petitioner's new claims that are presented in the Reply.[10]

Accordingly,

**IT IS ORDERED** that Petitioner's motion to file a supplemental reply (Doc. 101) is **GRANTED** and that the Court considers that filing a supplemental reply.

**IT IS RECOMMENDED** that the Second Amended Petition (Doc. 22), including the supplemental claim (Doc. 39), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

---

[10] Some of the issues discussed in the reply and the supplemental reply — such as Petitioner's mental ability, prison transfers, and his access to his own legal materials or to other legal resources — may be an attempt to explain Petitioner's failure to file a supplemental petition for post-conviction relief in first post-conviction action. (*See* Doc. 71, Ex. F.) Such arguments could be relevant as a response to Respondents' assertion of the defense of procedural default and procedural bar. However, because the Court does not resolve the Second Amended Petition on that basis, it does not consider those issues.

1  judgment. The parties shall have fourteen days from the date of service of a copy of this
2  recommendation within which to file specific written objections with the Court. *See* 28
3  U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within
4  which to file responses to any objections. Failure to file timely objections to the
5  Magistrate Judge's Report and Recommendation may result in the acceptance of the
6  Report and Recommendation by the District Court without further review. *See United*
7  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely
8  objections to any factual determinations of the Magistrate Judge may be considered a
9  waiver of a party's right to appellate review of the findings of fact in an order or
10 judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ.
11 P. 72.

Dated this 28th day of March, 2016.

_____
Bridget S. Bade
United States Magistrate Judge