IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Paul Eddy,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of Arizona Department of Corrections; Tom Horne, The Attorney General of the State of Arizona,<br><br>                    Respondents. | No. CV-14-08047-PCT-NVW (BSB)<br><br>**ORDER** |

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Bridget S. Bade (Doc. 102) issued March 29, 2016, regarding petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 22). The R&R recommends that the Second Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 16 (citing 28 U.S.C. § 636(b)(1); Rules 6, 72, Federal Rules of Civil Procedure). No objections were filed.

Because the parties did not file objections, the court need not review any of the Magistrate Judge's determinations on dispositive matters. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the

1  rulings of the Magistrate Judge on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("A
2  party may serve and file objections to the order within 14 days after being served with a
3  copy [of the magistrate's order]. A party may not assign as error a defect in the order not
4  timely objected to."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.
5  1996); *Phillips v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

Notwithstanding the absence of an objection, the court has reviewed the R&R and finds that it is well taken. The court will accept the R&R and dismiss the Second Amended Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

IT IS THEREFORE ORDERED that Report and Recommendation of the Magistrate Judge (Doc. 102) is accepted.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Second Amended Petition for a Writ of Habeas Corpus, the Court FINDS: Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the second amended petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED denying Petitioner's Motion to Submit a Second Supplement Reply to the Respondent's Answer Due to the Most Recent Attempted Murder of Petitioner's Life (Doc. 105) as the matter is not cognizable on federal habeas corpus.

/ / /
/ / /
/ / /

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment denying and dismissing petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 22) with prejudice.  The Clerk shall terminate this action.

Dated this 2nd day of May, 2016.

Neil V. Wake
United States District Judge